# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0024, <u>In the Matter of George McAlpin and Susan McAlpin</u>, the court on November 29, 2022, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The respondent, Susan Tremain f/k/a Susan McAlpin (Mother), appeals an order recommended by a judicial referee (<u>Cross</u>, R.) and approved by the Circuit Court (<u>Hall</u>, J.), which granted her petition to modify the parenting plan between her and the petitioner, George McAlpin (Father), by making "more specific orders regarding communication between her" and her 14-year-old child. We affirm.

Following a hearing at which both parties testified and at which their attorneys submitted offers of proof, the trial court ordered that Mother could contact her child "directly by phone, text message, or email but not more often than once every 4 days unless [the child] asks for more contact," and that if the child requests less contact, Mother "shall respect [the child's] wishes, but she may continue to try to contact [the child] . . . once every 3 weeks." The court further ordered Mother to be "civil and respectful" and that, although she may ask the child about how the child is doing and for other information about her daily life, she "shall not ask for information about [Father], his wife, [the parties' older adult child], or anyone else." The court declined to force the child to communicate with Mother.

On appeal, Mother argues that the trial court's order was contrary to RSA 461-A:2, I(a), which states that "unless it is clearly shown that in a particular case, it is detrimental to a child," it is the policy of this state to "[s]upport frequent and continuing contact between each child and both parents." She also asserts that the trial court's order was arbitrary and unsupported by the evidence.

We review a trial court decision on a motion to modify a parenting plan under our unsustainable exercise of discretion standard. <u>See In the Matter of Muchmore & Jaycox</u>, 159 N.H. 470, 472 (2009). Under that standard of review, we consider only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made. <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 585 (2011). We uphold the trial

court's factual findings unless the evidence does not support them or they are legally erroneous.  See In the Matter of Kempton & Kempton, 167 N.H. 785, 798 (2015).

Mother did not seek to change the allocation of parenting time between the parents.  RSA 461-A:11, I(f) allows a trial court to modify a permanent order concerning parenting rights and responsibilities when "[t]he modification makes either a minimal change or no change in the allocation of parenting time between the parents, and the court determines that such change would be in the best interest of the child."  Based upon our review of the record, we conclude that the trial court reasonably determined that its specifications regarding Mother's contact with the youngest child are in the child's best interest.  We find unpersuasive Mother's challenges to those specifications, and uphold the trial court's decision.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**